UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


CROOKSVILLE FAMILY CLINIC, INC.,

   Plaintiff,  :  Case No. 2:16-cv-1145

  -vs-  Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson
QUEST DIAGNOSTICS, INC.,
*et al.*,
   :
Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to Submit Expert Report Instanter and for a Brief Continuance of the Trial Date (ECF No. 49), filed on December 27, 2019. Defendants filed their Memorandum in Opposition on January 6, 2020 (ECF No. 66). For the reasons that follow, Plaintiff's request is **DENIED**.

**I.    BACKGROUND**

Plaintiff originally filed this action in the Perry County Court of Common Pleas on August 25, 2014. Fourteen months into the case, the court granted Defendants' motion to compel discovery and ordered Plaintiff and its counsel to pay Defendants' related attorneys' fees and costs. (Court Orders, ECF Nos. 66-1, 66-2). Thereafter, the court denied Plaintiff's motion for an extension of the discovery deadline, which was filed one day before the discovery cutoff date. Plaintiff voluntarily dismissed the action three days later.

On October 28, 2016, Plaintiff re-filed the action and it was subsequently removed to this Court on December 6, 2016. The parties agreed to use the prior discovery and related matters from the initial action in the case *sub judice*. (Motion, 3, ECF No. 49). According to Plaintiff,

"[d]iscovery among the parties occurred and was generally completed in the Initial Action." (*Id.*).

On July 14, 2017, the Magistrate Judge entered an initial scheduling order, setting a primary expert report deadline of October 16, 2017 and a fact discovery deadline of December 29, 2017. (ECF No. 21). Following a status conference with the parties, the Magistrate Judge modified the scheduling order to a fact discovery deadline of January 19, 2018 and primary expert report deadline of 30 days after the Court's ruling on Defendants' Motion for Summary Judgment. (ECF No. 25). On January 19, 2018, Plaintiff filed a motion to extend the fact discovery deadline based on new information that had come to light. The Magistrate Judge denied Plaintiff's request, noting that Plaintiff had not been diligent in pursuing discovery and that Plaintiff was or should have been well aware of the new information cited since at least 2011. (Order, 4, ECF No. 41). Notably, the Magistrate Judge also concluded that the fact that Plaintiff obtained new counsel[1] in October 2017 did not amount to good cause. (*Id.* at 5). Moreover, Defendants filed a Motion for Summary Judgment on January 31, 2018.

In an attempt to move this case along, this Court issued a scheduling order on September 9, 2019, setting this case for trial on February 10, 2020. The Order articulated that

> [t]he parties shall comply fully with all the requirements of Fed. R. Civ. P. 26(a)(2), including the required disclosures at least **ninety (90) days before the trial unless an earlier date has been set by a scheduling order issued by the Magistrate Judge**.

(3, ECF No. 46) (emphasis in original). As a result, the expert disclosure deadline, including disclosure of any expert reports, was November 12, 2019. The Court ruled on Defendants' Motion for Summary Judgment on December 10, 2019. (ECF No. 47).

---

[1] To be clear, a new attorney took over the case but the same firm continued to represent Plaintiff.

On December 27, 2019, Plaintiff filed a Motion for Leave to Submit Expert Report Instanter and for a Brief Continuance of the Trial Date. (ECF No. 49). In its Motion, Plaintiff requests leave to late-disclose an expert report—Valuation of 100% Interest in Common Stock as of September 30, 2011, prepared by Brian Russell on October 13, 2017 (ECF No. 49-1)—in order to use it at the upcoming jury trial. Plaintiff's counsel states that he inadvertently failed to timely disclose Mr. Russell's report because he erroneously believed it had previously been provided to Defendants when it was prepared in October 2017. As a result, Defendants did not receive Mr. Russell's report until December 18, 2019. Because the report is vital to Plaintiff's case, Plaintiff submits that leave should be granted and a brief continuance of trial allowed to give "Defendants the opportunity to respond to the expert report and depose Plaintiff's expert witness or obtain additional discovery, if desired." (Motion, 2).

On January 6, 2020, Defendants filed their Memorandum in Opposition to Plaintiff's Motion. (ECF No. 66). Defendants argue that Plaintiff's expert report should be excluded at trial because the late disclosure was neither harmless nor justified. (Mem. Opp., 3).

## II. LEGAL STANDARD

Fed. R. Civ. P. 26(a)(2)(A) provides that "a party must disclose to the other parties the identify of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Additionally, under the same Rule, "this disclosure must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony in the case." (*Id.*). "Absent a stipulation or a court order, the disclosures must be made . . . at least 90 days before the date set for trial." *Id.* 26(a)(2)(D)(i). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the

failure was substantially justified or is harmless." *Id.* 37(c)(1). Fed. R. Civ. P. 37(c)(1) requires absolute compliance with Rule 26(a). *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

## III. ANALYSIS

Plaintiff acknowledges that Mr. Russell's formulation of Plaintiff's alleged damages is crucial to its case. While Plaintiff has had the benefit of Defendants' timely produced expert report regarding the defense's analysis of potential damages, Defendants have not been afforded the same courtesy from Plaintiff. *See Precision Seed Co. v. Consol. Grain & Barge Co.*, No. 3:03-cv-079, 2006 WL 1281689, at *6 (S.D. Ohio May 8, 2006) ("[I]f there are a number of different methods a plaintiff may choose among for proving damages, a defendant is entitled to know which method this particular plaintiff is choosing in this case, and to know it in time to prepare a defense."). Moreover, according to Defendants, the underlying financial information that is relied on in Mr. Russell's expert report was not otherwise produced by Plaintiff during discovery. Rather, Plaintiff acknowledges that Defendants would likely need the opportunity to depose Mr. Russell or at least obtain additional discovery in order to thwart any prejudice that would be suffered by Defendants as a result of Plaintiff's late disclosure. Thus, the Court cannot find that the late disclosure is harmless.

Moving to the substantial justification prong of Fed. R. Civ. P. 37(c)(1), Mr. Russell's expert report was in possession of Plaintiff's counsel since October 2017. Regardless of how long this case "languished" in the judicial system, this Court set a scheduling order in September 2019 that delineated specific deadlines to move this case to an ultimate resolution the week of February 10, 2020. Plaintiff's counsel failed to put forward the required effort to meet those deadlines. And this is not the first time Plaintiff's counsel has failed to exercise diligence in the

discovery process in this matter. (*See generally* Order, ECF No. 41).

While the Court is sympathetic to the effect exclusion of Plaintiff's expert report may have on Plaintiff's case, carelessness is not a substantial justification to allow the late disclosure. "Unfortunately, 'clients must be held accountable for the acts and omissions of their attorneys[,]' who they freely select to represent them." *Ogle v. Koorsen Fire & Sec. Inc.*, 336 F. Supp. 3d 874, 882 (S.D. Ohio 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993)). Plaintiff has not proven that its failure to timely comply with Fed. R. Civ. P. 26(a) was either harmless or substantially justified. While Plaintiff asserts that a continuance of trial is all that is required to alleviate the late disclosure, the Court finds that pursuant to Fed. R. Civ. P. 37(c)(1), the appropriate sanction is to exclude the expert report from admission at trial. Accordingly, the Court sees no reason to continue the trial as it is currently scheduled.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Submit Expert Report Instanter and for a Brief Continuance of the Trial (ECF No. 49). Mr. Russell's expert report will be excluded from use at trial.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE